UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROBERTO HUERTA-HUERTA, | ) | |
| Institutional ID No. 08124-359, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-165-BG |
| UNITED STATES OF AMERICA, | ) | ECF |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.   Procedural History**

Plaintiff Roberto Huerta-Huerta filed this action on September 12, 2012, complaining of events that occurred during his incarceration at Giles W. Dalby Correctional Facility (Dalby Facility). On October 15, 2012, the United States District Court reassigned the case to the undersigned United States Magistrate Judge, and the undersigned scheduled a hearing to be held on December 6, 2012.

On October 22, 2012, the warden of Dalby Facility notified the court that Dalby Facility released Plaintiff to the Bureau of Immigration and Customs Enforcement on October 12, 2012. The undersigned thereafter vacated the order setting hearing. As of this date Plaintiff has not informed the court of his new address, and there has been no further docket activity in this action.

**II.   Recommendation**

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679

(5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Plaintiff's Complaint for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 20, 2012.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge